IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
September 09, 2025
LAURA A. AUSTIN, CLERK
BY: s/B. McAbee
DEPUTY CLERK

| | |
|---|---|
| AARON RAWLS, | |
| Plaintiff, | Case No. 4:25-cv-00028 |
| v. | **MEMORANDUM OPINION** |
| REVA KEEN and ARETHA FERRELL-BENAVIDES, | By:  Hon. Thomas T. Cullen<br>United States District Judge |
| Defendants. | |

After being served with a summons and a copy of the Complaint in this action, Defendant Reva Keen ("Keen") passed the documents on to her superiors—the Sheriff of the City of Martinsville—as she had been instructed to do. In the ordinary course of business, as an individual sued for actions taken in her role as a law enforcement officer, Keen assumed that her employer would secure counsel to represent her. For whatever reason, that did not happen—or at least did not happen in a timely manner. When the time to respond came and went without responsive pleadings filed on her behalf, the clerk entered default against her at Plaintiff Aaron Rawls's ("Rawls") request. Two weeks later (and without Rawls ever moving for default judgment), counsel noted an appearance on Keen's behalf and has now moved to set aside that default.

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The standard for setting aside the clerk's entry of default is well-settled:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice

>to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006) (citing *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)). These criteria "must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments, and any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Bank of Southside Va. v. Host & Cook, LLC*, 239 F.R.D. 441, 445 (E.D. Va. 2007) (cleaned up). In this case, all factors favor setting aside the default.

As a primary consideration,[1] the court considers whether Keen has a meritorious defense. This court "has discretion to determine whether a proffered defense . . . is meritorious." *Id.* (citing *Trueblood v. Grayson Shops of Tenn., Inc.*, 32 F.R.D. 190, 196 (E.D. Va. 1963)). "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (per curiam). In evaluating the existence of a meritorious defense, "'[t]he underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default.'" *Id.* (quoting 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2697, p. 531 (2d ed. 1983)). As her primary potential defense, Keen contends that she is protected from suit by the doctrine of sovereign immunity. (Br. in Supp. of Mot. to Set

---

[1] The parties appear to make this consideration the primary focus. In fact, Rawls devotes nearly five pages of his brief in opposition to attacking Keen's purported defense, and approximately a page and a half on Keen's degree of personal responsibility. (*See* Br. in Opp. to Mot. to Set Aside Default, at 5–11 [ECF No. 23].) Given that Rawls does not address the other four factors, the court assumes that he concedes those favor setting aside default.

Aside Default at 3–6 [ECF No. 17].) At this early stage, the court cannot find that such a defense is so lacking as to defeat her request to set aside the default. *See, e.g.*, *Manning v. Ramp*, No. 4:23-cv-01803-MGL-TER, 2024 WL 1642143, at *5 (D.S.C. Mar. 27, 2024) ("Such defenses [including qualified immunity], properly pled in Henderson's proposed Answer, demonstrate good cause for why the entry of default should be set aside as to him."). Rawls attempts to short-circuit this by arguing the merits of his claim.[2] And while he may ultimately prevail (the court takes no position on the sparse record before it), qualified immunity would be a meritorious defense to his claims, and Keen should have the minimal opportunity to present it. *See Colleton Prep. Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (noting that the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses by disposed of on their merits").

The remaining factors overwhelmingly favor setting aside the default. Keen acted quickly to move to set aside the default, filing her motion just two weeks after default was entered and before any further action was taken in the case. She bears little personal responsibility for the delay in filing her responsive pleadings, as she avers that she promptly gave the summons and Complaint to her superior with the understanding that her agency's internal processes would take it from there and was given periodic updates indicating that legal counsel was being sought for her. (*See* Decl. of Reva Keen ¶¶ 30–33, July 15, 2025 [ECF No.

---

[2] If the argument can even be characterized in that way, as Rawls argues almost exclusively how to interpret individual's demeanors and tones of voice rather than factual inaccuracies in Keen's version of events. These arguments, far from establishing that Keen has no viable defense, cry out for further development of the relevant facts.

17-1].) The prejudice to Rawls, if any, is minimal, as he will have to prosecute this case against the co-defendant regardless of the outcome of this motion. And no one contends that Keen has acted in a dilatory manner in the past. Finally, less drastic sanctions are available, but the court is not willing to entertain any at this time given that there is no indication that the delay in filing responsive pleadings was the result of bad faith or gamesmanship.

Accordingly, for the foregoing reasons, Keen's motion to set aside the default entered against her and her motion for leave to file a responsive pleading will the granted. This case will be decided on its merits, not on a minor technicality.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 9th day of September, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE